THE STATE, EX REL. WILLIAM HERRICK, v. EDWARD HOOS, MAYOR OF JERSEY CITY.

In Jersey City it is not requisite to the validity of the appointment or employment of officers, clerks or other persons by the board of street and water commissioners that there should be a concurrence therein of the board of finance.

---

On *mandamus.*

Argued at November Term, 1897, before Justices VAN SYCKEL, DIXON and COLLINS.

For the relator, *Fagen & Murphy.*

For the defendant, *William P. Douglass* and *John A. Blair.*

The opinion of the court was delivered by

COLLINS, J. The mayor of Jersey City refuses to sign a warrant for the relator's pay as extra clerk in the water department of Jersey City, for the month of June, 1897, notwithstanding the fact that the board of street and water commissioners, after considering his reasons for disapproval, has ordered the claim paid. This refusal is not justifiable under the law on the subject (*Gen. Stat.*, *p.* 493) unless the claim is without legal foundation. The relator was employed by resolution of the board, approved by the mayor, and has rendered the service he engaged to perform. The mayor will not consent to payment therefor because, although he united in the employment, he has since been advised that such employment was illegal for lack of concurrence of the board of finance.

The water department of Jersey City is controlled, under the act of 1889 accepted by the legal voters of the city (*In re Cleveland*, 23 *Vroom* 188), by a board of street and water commissioners, succeeding, with enlarged powers, the board of public works, created by the city charter. Section 7 of the act (*Gen. Stat.*, *p.* 731, *pl.* 1319) authorizes the board to employ or appoint from time to time such engineers, surveyors, clerks and other persons to aid them in the execution of the act as they may deem necessary or as may be authorized or required by law for the city, and to fix their compensation. It is argued by counsel for the mayor that this grant of power is limited to such employes as were authorized or required for the city by some pre-existing law. We cannot so read the statute. The legislature meant to preserve existing offices, but not to restrict the board to filling those only. No other interpretation can give full effect to all the words of the grant. A later law, passed in 1891 (*Gen. Stat.*, *p.* 465, *pl.* 39), confirms and perhaps extends the power of the board on this subject, but enacts that where there exists the requirement of concurrence of some other board in any action of the board of street and water commissioners, that statute shall not be construed as dispensing with such concurrence. It is con-

tended that, in official employment, a concurrence of the board of finance was and is required in Jersey City. The act of 1889 was not repealed or superseded by the act of 1891, but even if it were there would still be no support for this contention. By the city charter concurrence of a board of finance and taxation, succeeded under the act of 1889 by the present board of finance, was required in the employment of others than certain specified officers (*Pamph. L.* 1874, *p.* 512, § 23), but in 1880 a general act authorized every municipal board to employ its appropriate officers and agents without the concurrence of any other board. *Gen. Stat., p.* 570, *pl.* 535. This act is met by the argument that it extends only to officers and agents then authorized ·by law. That argument has not prevailed with this court. We think the act operates as well on subsequent authority. Lastly, we are referred to a statute passed in 1881 (*Gen. Stat., p,* 654, *pl.* 933), which enacts that no motion, resolution or order concerning the issuing of water scrip or bonds, or the control and cognizance of the structures and property connected with the supply and distribution of water, or the supplying, sale and use of water in any city in this state, shall be of any force or effect unless the same shall be concurred in by the board of finance and taxation or other board having control of the fiscal department of said city. It would be a very forced construction that would extend the limitation of this act to the employment of officers and agents, especially in the light of the legislation of the previous years dealing with that subject and left unrepealed. We cannot adopt it.

We see no force in the mayor's objection to signing the relator's warrant, and we therefore award a peremptory *mandamus* for its signature; but inasmuch as there is no question of the good faith of the objection, made as it was by a public officer in the line of his duty as he conceived it, no costs will be allowed.